## ONTARIO COUNTY COURT.

In the matter of the petition of certain taxpayers of the
TOWN OF GORHAM to bond said town in the sum of
$50,000 in aid of the Geneva and Southwestern Railway
Company.

A *petition* (under the laws of 1871) of the taxpayers of a town, presented to the
county judge for the purpose of *bonding the town*, for railroad purposes, is palpably
defective, where it omits to state that the railroad company is *a corporation in
this state*.

Where the petition contains a *condition* as follows: "If the said The Geneva and
Southwestern Railway Company accept the subscription to its stock and pay-
ment therefor by the bonds or proceeds as authorized by this petition, they thereby
forfeit all right, and hereby agree to make no claim to any bonds of said town of
Gorham, or the proceeds thereof by virtue of a certain other petition of the tax-
payers of the said town, to issue the bonds of said town for a like amount and
purpose, which petition was filed with the county judge of Ontario county,
October 28, A.D. 1871":

*Held*, that it is not to be presumed that the petitioners would have given their con-
sent to bond the town in this proceeding for $50,000, if they had understood
they were powerless to prevent the company from accepting the bonds, or the
proceeds thereof for $50,000 more, in case the company is successful in that pro-
ceeding which is now in process of review. Yet such is the fact; and if both
proceedings are successful, the town may be bonded for $100,000, in spite of the
petitioners. This condition is also fatally defective to said petition.

*May*, 1872.

PROCEEDINGS, before county judge of Ontario county, in
the above matter.

WM. H. SMITH, *C. J.*—On the 15th day of April, 1872,
a petition was presented to me, as county judge, in the
above matter, upon which an order was made in pursuance
of the requirement of the provisions of chapter 925, of the
session laws of 1871, to take the proofs of the facts set forth
in the petition on the 2d day of May, instant.

On the said 2d day of May, Hon. E. B. Pottle and A. McDonald, Esq., appeared as counsel for the petitioners, and Hon. H. L. Comstock, appeared as counsel for contestants, Mason Reed, Addison Stearns and Charles Middaugh. The evidence closed on the 11th day of May, instant, and on the same day was submitted to me, together with objections raised by contestant's counsel for decision.

The conclusion to which I have arrived, renders it unnecessary for me to determine whether the consent of a majority of the taxpayers of said town has been obtained, for the reason that two of the objections raised at the threshold of the proceedings, are, in my judgment, fatal to the petitioners. Those objections are as follows:

1st. The petition does not state that the Geneva and Southwestern Railway Company is a corporation in this state.

2d. The petition contains a condition which renders the petition void.

To understand the force of these objections, it will be necessary to refer to the petition addressed to the county judge. The language of the petition is as follows:

"The undersigned respectfully represent that they are a majority of the taxpayers of the town of Gorham, in the county of Ontario, who are taxed for property (not including those taxed for dogs, or highway-tax only), upon the last preceding tax list of said town of Gorham; that they are assessed and taxed for, or represent a majority of the taxable property upon said tax list, and that they desire the said town of Gorham shall create and issue its bonds to the amount of fifty thousand dollars, and invest the same, or the proceeds thereof, in the stock of the Geneva and Southwestern Railway Company."

The condition of this petition is—If the said "The Geneva and Southwestern Railway Company" accept the subscription to its stock and payment therefor by the bonds or proceeds as authorized by this petition, they thereby forfeit all right,

In the matter of the Town of Gorham,

and hereby agree to make no claim to any bonds of said town of Gorham, or the proceeds thereof, by virtue of a certain other petition of the taxpayers of the said town, to issue the bonds of said town for a like amount and purpose, which petition was filed with the county judge of Ontario county, October 28, A.D. 1871. This petition is made under and in pursuance of chapter 925 of the laws of 1871, and all acts of which it is amendatory.

The language of section 1, of the statute above referred to, so far as it relates to what must be set forth in the petition, is as follows:

"Whenever a majority of the taxpayers of any municipal corporation in this state who are taxed or assessed for property, not including those taxed for dogs, or highway tax only, upon the last preceding assessment roll or tax list of said corporation, and who are assessed or taxed, or represent a majority of the taxable property upon said last assessment roll or tax list, shall make application to the county judge of the county in which such municipal corporation is situate, by petition, verified by one of the petitioners, setting forth that they are such majority of taxpayers, and are taxed or assessed for, or represent such a majority of taxable property, and that they desire that such municipal corporation shall create and issue its bonds to an amount named in such petition, and invest the same, or the proceeds thereof, in the stock or bonds (as said petition may direct) of such railroad company in this state, as may be named in said petition, it shall be the duty of the said county judge to order," &c.

The language of said section, so far as it relates to the conditions which the petition may contain, is as follows:

"The petition authorized by this section, may be absolute or conditional; and if the same be conditional, the acceptance of a subscription founded on such petition, shall bind the railroad company accepting the same to the observance of the condition or conditions specified in such petition; provided, however, that non-compliance with any condition inserted in

such petition shall not in any manner invalidate the bonds created and issued in pursuance of such petition."

The above objections will be examined in their order.

*1st.* It will be seen that " The Geneva and Southwestern Railway Company" is not set forth in the petition as being a corporation in this state. It nowhere appears in the petition that it is in this state; indeed, its locality is not stated at all. Courts cannot take judicial notice of the location of corporations, unless the same is at least alleged. It cannot be presumed that the " Geneva and Southwestern Railway Company" is a corporation in this state, by the mere naming the company.

It is a well settled principle that in actions at law where the complaint sets forth the name of the corporation and describes it as a corporation in this state, duly organized under the laws thereof, that, however truthful this allegation and description may be, yet if the answer denies it, however false that answer may be, the court cannot take judicial notice of the existence of the corporation.

In such case, the popularly well known corporation, known as the New York Central and Hudson River Railroad Company, cannot, in an action at law, be presumed by the court to be a corporation in this state; in other words, the courts cannot, in such, case, take judicial notice of its existence. I do not understand this proposition was disputed on the argument, but it was contended by petitioners' counsel that if the petition alleged a railroad corporation which is in fact in this state, though not so stated in the petition, it is sufficient, and that fact could be proved *aliunde* the petition.

It must be remembered that this statute is in derogation of the common law, and therefore, must be strictly construed, as the courts have frequently held. If it would seem hypercritical to hold, even under the rule of strict construction, that the petition is invalid, because it does not set forth a corporation in this state, in terms. Yet, by another rule of construction, prevailing in criminal cases, which in principle

is applicable here, the corporation must be set forth in the petition as being in this state, because it is, at least in the enacting clause, provided that such company shall be a railroad company in this state. By this proviso, so to speak, no company other than a railroad company in this state, can receive the benefit of this act.

It is a well settled principle that—"Where the proviso adds a qualification to the enactment, so as to bring a case within it, which, but for the proviso, would be without the statute, the indictment must show the case to be within the proviso" (*Wharton's American Criminal Law*, § 379, and cases cited.

But it is enough for me to say, that this question has been decided in the third judicial department, in the case of *The People ex rel. Hoag agt. Peck*, 4 *Lansing*, 532).

In this case, the petition sets forth that the railroad company named, is "a railroad company in this state," (New York.) His Honor Judge DANIELS, who writes the opinion of the court, says:

"The statutes relating to these proceedings certainly contemplate that the railroad company shall be incorporated before they can be lawfully taken; but they contain nothing requiring that to be proved as a fact before the county judge, or to be stated with any special particularity in the petition. What they require is, that it should be a railroad company within this state, and be named in the petition. And that was complied with in this case. It could not be a railroad company in this state, unless it was incorporated under its laws. And the statement of what the statute requires the petition to contain is necessarily an averment that the company has been so incorporated."

It will thus be seen that the statement in the petition that the company is a corporation in this state, is equivalent to alleging its due organization under the laws of this state, because, it cannot, under our statute, be a corporation in this state, unless it is duly organized. And the court says, the

statute requires the petition to contain this statement. The petition before me, therefore, is invalid, for the reason of the omission of such statement.

If there can be any doubt as to the requirement of said section, that this averment must be set forth in the petition, it would not become me to ignore the plain language of the court above stated.

The petitioners' counsel, Mr. Pottle, conceded on the argument, it was not a clear question, but was willing to take the responsibility of a decision in favor of the petitioners. To thus decide, even though there might be doubt as to the construction which I have given to said section, would be an act of injustice towards the contestants whose property is sought to be affected without their consent, thereby casting the burden of the labor and expense upon them to review the proceeding. In such case the burden should be placed on those who seek the aid.

2d. Whatever doubt there may be as to the validity of the first objection, there can be none as to the second, by reason of the condition contained in the petition.

It will be seen by reference to the petition and condition above, that said condition in no way effects the bonding sought in this proceeding. So far as this proceeding is concerned, the petition is absolute.

The condition is simply, that the company, in case bonds are issued by virtue of this proceeding and accepted by the company, they thereby forfeit all right and agree to make no claim to the bonds in the first proceeding. No condition that bonds shall not be issued in this proceeding. No condition that the company shall not accept the bonds or the proceeds thereof in this proceeding. If bonds were issued by virtue of this proceeding, no one supposes the company would relinquish their claim to them or the proceeds thereof. That is the end sought by the proceeding.

The petitioners have given their consent to aid the company in this way, with the understanding that the town is

not to be saddled with a debt of $50,000 by virtue of the previous proceeding.

Is it to be presumed they would have given their consent to bond the town in this proceeding for $50,000, if they had understood they were powerless to prevent the company from accepting the bonds or the proceeds thereof for $50,000 more, in case the company is successful in that proceeding, which is now in the process of review? Yet such is the fact; and, if both proceedings are successful, the town may be bonded for $100,000, in spite of the petitioners.

But it is said by petitioners' counsel, this condition shall not be violated; the company intend in good faith to abide by the condition, and in no event will accept from the town of Gorham to exceed the sum of $50,000. Mr. Pottle, as counsel for petitioners, and as president of the company, pledges before me in his argument (to quiet all apprehensions on that subject), that this condition shall be strictly observed by the company. No one will doubt the good faith of the counsel, but the present officers of this company have no power to bind the action of their successors, and if the condition in question is illegal and unauthorized, as I think it clearly is, then the corporation is in no way bound by it. Manifestly it is no condition of this petition. The bonds sought to be issued in pursuance of this petition, are to be paid unconditionally, at all events.

This petition attempts to make a condition outside of it, and to incorporate it into the petition in the former proceeding, by which that shall become null in case this proceeding is successful.

The section of the statute above quoted, goes only so far as to authorize the petitioners in this petition to make the same conditional, and there stops: It does not authorize it to make or append conditions to or in any manner whatever to affect any other proceeding of the like nature.

The two proceedings are distinct and wholly independent of each other, and neither can in any way, interfere with the

other. If either or both proceedings are successful, then the officers charged with the duty of carrying them into effect, must proceed and bond the town irrespective of any conditions whatever, and thus one of the main inducements of the petitioners, in giving their consent in this proceeding, will be utterly defeated.

Should it happen, as it is not improbable to suppose, that the former proceeding is pursued to a final consummation, while the proceedings by virtue of this petition are still pending, in process of review or otherwise, and such final consummation should result successfully to the petitioners, and the bonds thereon should be issued and accepted by the company, as it is very likely they would be, inasmuch as the result would yet be undetermined in this proceeding, then the town is clearly bonded in the sum of $50,000.

In the event that the proceedings by virtue of this petition finally are successful, there is no power to prevent the town from being bonded for $50,000 more. The issue of the bonds could not be restrained by injunction; an injunction can only be sustained where there is a violation of a legal right.

On what ground could an injunction be issued? It may be answered, upon the ground of a non-compliance with the condition in the petition in this proceeding, but the answer to that is, the act provides (§ 1, *above*), "that non-compliance with any condition inserted in such petition, shall not, in any manner, invalidate the bonds created and issued in pursuance of such petition."

For the reasons above stated, this proceeding must be dismissed.